# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRI-COUNTY HOSPICE, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-09-407-RAW |
| KATHLEEN SEBELIUS, Secretary of the U.S. Department of Health and Human Services, | ) |
| Defendant. | ) |

## ORDER

Before the court are the motions of the parties to alter or amend judgment. On March 8, 2010, this court entered an Order and Judgment. The court found that the challenged Medicare regulation was invalid and enjoined the defendant from using the regulation to calculate overpayment determinations. The matter was remanded to the defendant for further proceedings.

In its motion, plaintiff asks the court to address the questions of (1) funds already collected and (2) interest. Plaintiff asks the court to direct defendant to return to plaintiff all monies collected under the invalid regulation, with interest , or in the alternative to require defendant to credit funds already collected to valid new determinations. The position is well-argued and not unreasonable, but the court declines to do so. Defendant maintains that under whatever calculation method, HHS has overpaid plaintiff for the cost years at issue and plaintiff will still ultimately owe a significant amount of money to HHS even under

plaintiff's legal theories and calculations.

The court clings to its analogy (stated in a previous order) of the certification of a question of law to a state's highest court. In the face of a similar request, Judge Brack of the District of New Mexico stated: "Granting Plaintiff's request for monetary relief would be extremely difficult for this Court and likely require extensive fact-finding and hearings. The Court has no information before it indicating that Plaintiff is entitled to a return of all, or any, of the payments it made to HHS for fiscal years 2006 and 2007. Even using a fractional method of calculation to determine Hospice of New Mexico's statutory reimbursement cap, it is possible that Plaintiff exceeded its cap for fiscal years 2006 and 2007 and HHS is entitled to a repayment of some of the Medicare benefits it paid out to Hospice of New Mexico. HHS is clearly better suited to performing these complex calculations than this Court." *Hospice of New Mexico, LLC v. Sebelius,* 2010 WL 773229 at *17 (D.N.M.).

Judge Brack went on to state: "The Court has <u>only</u> found that 42 C.F.R. §418.309(b)(1) is invalid and Plaintiff would be better off under a fractional calculation as required by the statute. The Court was <u>only</u> asked by the PRRB to review the validity of the regulation." *Id.* (Emphasis added). That is this court's view of its limited role as well.

For defendant's part, its motion asks the court to expressly dismiss plaintiff's claim with respect to the 2005 cost year because plaintiff failed to properly exhaust administrative remedies for that fiscal year. The court might be persuaded to do so if the matter were

2

undisputed, but plaintiff has objected with a rather convoluted argument that fiscal years in this context should be viewed as inextricably intertwined[*]. Again, the court is persuaded that such threading or un-threading of beads is better handled by the administrative agency. This court's limited task is concluded.

It is the order of the court that the motion of the plaintiff (#26) and the motion of the defendant (#27) are hereby DENIED.

**IT IS SO ORDERED** this 8th day of JUNE, 2010.

```
Dated this 8th Day of June 2010.
```

Ronald A. White
United States District Judge
Eastern District of Oklahoma

```
j4h4i0
```

---

[*] In the course of its opposition to defendant's motion, plaintiff effectively makes a <u>second</u> motion of its own, asking the court to alter the judgment to include FY 2005 and FY 2008. (Opposition at 2). This is not procedurally appropriate, and is denied on the merits in any event.